**Denied in part and Dismissed in part and Opinion Filed July 18, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00787-CV

### IN RE PATRICK HEANEY, Relator

**Original Proceeding from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82059-2012**

# MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Stoddart
Opinion by Justice Stoddart

In this original proceeding, relator complains that an order to withdraw funds from his inmate trust account is void and the funds should be deposited back into his account. He also asks this Court to "remove special findings" in the 2013 judgment of conviction that suspended relator's driver's license. Relator is not entitled to the relief requested.

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has not met these requirements because the proper method for seeking appellate review of an order of withdrawal of funds from an inmate trust account is by direct appeal of the order, not by mandamus. *See In re Jones,* No. 05-16-00001-CV, 2016 WL 279432, at *1 (Tex. App.—Dallas Jan. 22, 2016, orig. proceeding) (citing *Harrell v. State,* 286 S.W.3d 315, 321 (Tex. 2009) ("[A]ppellate review

should be by appeal, as in analogous civil post–judgment enforcement actions."")).  Relator, therefore, has an adequate appellate remedy.

As for relator's request for removal of special findings from the judgment, that constitutes a collateral attack on relator's conviction and falls within the scope of a post-conviction writ of habeas corpus.  TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).  Only the Texas Court of Criminal Appeals has jurisdiction in post-conviction felony proceedings. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we deny relator's July 11, 2017 petition for writ of mandamus challenging removal of funds from his inmate trust account, and dismiss the petition for want of jurisdiction as to relator's request for removal of special findings from the judgment.

/s/Craig Stoddart/
CRAIG STODDART
JUSTICE

170787F.P05